IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| EDWARD A. KIZER, JOHN J. RYAN, III, and DON HOWELL, on behalf of themselves and others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 08-2570 |
| v. | ) ) | |
| SHELBY COUNTY GOVERNMENT, A C WHARTON, individually and in his official capacity, SHELBY COUNTY CIVIL SERVICE MERIT BOARD, and OTIS JACKSON, individually and in his official capacity, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER DENYING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL**

Plaintiffs Edward A. Kizer, John J. Ryan, and Don Howell (collectively, "Plaintiffs") bring this action against Defendants Shelby County Government ("the County"), A C Wharton, Shelby County Civil Service Merit Board ("the Merit Board"), and Otis Jackson (collectively, "Defendants") alleging violations of their Fourteenth Amendment due process rights under 42 U.S.C. § 1983 ("§ 1983") and violations of the Tennessee Constitution. On July 9, 2009, the Court entered an order granting Defendants' motion to dismiss Plaintiffs' Tennessee constitutional claims, claims against Wharton in his individual capacity, and punitive

damages claims against the County, the Merit Board, and Wharton and Jackson in their official capacities. On January 30, 2009, Plaintiffs filed a motion for class certification and appointment of class counsel. Defendants Wharton, Jackson, and the County responded on March 13, 2009, and the Merit Board filed a joinder in that response on April 2, 2009. Plaintiffs replied on April 17, 2009. For the following reasons, Plaintiffs' motion for class certification and appointment of class counsel is DENIED.

**I.   Background**

Under the Shelby County Civil Service Merit Act ("Merit Act"), Tenn. Priv. Acts, ch. 110, County employment positions are categorized as "classified" or "unclassified." (Am. Compl. ¶¶ 11-12.) Under the Merit Act, an employee in a "classified" position has a constitutionally protected property interest in his position. (Id. ¶ 13.) A "classified" employee may be terminated only for just cause and is afforded due process rights prior to termination. (Id.) An employee in an "unclassified" position is not protected under the Merit Act and may be terminated at will. (Id. ¶ 15.)

Plaintiffs are former employees of the Shelby County General Sessions Court Clerk's Office. (Id. ¶ 10.) Kizer began employment as Shelby County Administrator for the Civil Division of Shelby County General Sessions Court ("Civil Division") on

2

February 1, 2003.  (Id. ¶ 17.)  As Administrator, Kizer's duties included ensuring that the policies and procedures of the County, and specifically the Shelby County General Sessions Court, were followed.  (Id. ¶ 21.)  Kizer did not make policy during his employment with the County.  (Id.)

Ryan began employment with the Civil Division on October 1, 1981.  (Id. ¶ 18.)  From 1987 until his termination on September 15, 2008, Ryan held the position of Manager B in the Civil Division.  (Id.)  Ryan's duties included operating the twenty-four-hour General Sessions Court Clerk's Office.  (Id. ¶ 22.)  He did not make policy during his employment with the County.  (Id.)

Howell began employment with the Civil Division on September 16, 1996.  (Id. ¶ 19.)  He held the position of Manager A in the Civil Division until his termination on September 30, 2008.  (Id.)  Howell's duties included preparing the budget, handling cost bills, and overseeing collections.  (Id. ¶ 23.)  He did not make policy during his employment with the County.  (Id.)  The Merit Board classified Court Clerk Administrator, Manager A, and Manager B as "unclassified" positions.  (Id. ¶ 20.)

A position must meet certain criteria under section 9(a)(7) of the Merit Act to be deemed "unclassified."  (Id. ¶ 24.)  First, it must be one of five designated positions: department

3

head, deputy department head, chief clerk, personal assistant to a department head, or personal secretary to a department head. (Id.) Second, it must be designated by an appointing authority as defined by section 2(a). (Id.) Third, it must be approved as unclassified by the Merit Board. (Id.) The legislature further mandated that, in approving a position as unclassified, the Merit Board must consider whether the position involves sensitive, policy-making duties, as well as the size of the department in question. (Id.)

Plaintiffs allege that Court Clerk Administrator, Manager B, and Manager A are not positions appropriate for "unclassified" status under the Merit Act; that Court Clerk Administrator, Manager B, and Manager A do not involve sensitive, policy-making duties; and that those positions are three among many positions that the Merit Board has categorized as "unclassified" although they do not meet the criteria for unclassified positions. (Id. ¶¶ 25-31.)

Jackson was elected Clerk and Master of Shelby County General Sessions Court on or about August 7, 2008, and took office on September 1, 2008. (Id. ¶¶ 33-34.) On August 26, 2008, Jackson sent Kizer a letter stating that Kizer's employment would be terminated at midnight on August 31, 2008.[1]

---

[1] Whether Kizer was terminated is unclear from the amended complaint. Although the amended complaint does not state that Kizer was

4

(Id. ¶ 35.)  On September 10, 2008, Jackson sent Ryan a letter stating that Ryan's employment would be terminated at midnight on September 15, 2008.  (Id. ¶ 36.)  Ryan was terminated on September 15, 2008.  (Id.)  On September 25, 2008, Jackson sent Howell a letter stating that Howell's employment would be terminated on September 30, 2008.  (Id. ¶ 37.)  Howell was terminated on September 30, 2008.  (Id.)

    Plaintiffs allege that, if properly categorized, they were "classified" employees of the County.  (Id. ¶ 51.)  Plaintiffs argue that they had a constitutional property right in their employment and that Defendants violated Plaintiffs' Fourteenth Amendment rights by terminating them without due process.  (Id. ¶¶ 51-61.)  Plaintiffs allege that the Merit Board has misclassified other positions and seek to represent a class of similarly situated individuals defined as "those Shelby County Government employees who occupied since August 29, 2002 or currently occupy positions the Shelby County Civil Service Merit Board has designated as 'unclassified' pursuant to the Shelby County Civil Service Merit Act."  (Pls.' Mot. for Class Certification 13.) ("Pls.' Mot.")  Plaintiffs argue that

---

terminated, it does allege that Kizer was replaced as Court Clerk Administrator on September 1, 2008.  (Am. Compl. ¶ 39.)  The amended complaint also states, however, that only Ryan and Howell "are out of employment in Shelby County."  (Id. ¶ 42.)

5

injunctive relief is necessary to prevent future harm to putative class members. (Id. ¶¶ 43-48.)

**II. Jurisdiction**

The Court has jurisdiction under 28 U.S.C. § 1331 to adjudicate federal claims.

**III. Standard of Review**

Federal Rule of Civil Procedure 23 establishes the requirements for certification of a class action. Certification under Rule 23 requires a two-step process. First, plaintiffs must "satisfy Rule 23(a)'s requirements of numerosity, commonality, typicality, and adequacy of representation." Coleman v. Gen. Motors Acceptance Corp., 296 F.3d 443, 446 (6th Cir. 2002). Second, plaintiffs "must demonstrate that the class fits under one of the three subdivisions of Rule 23(b)." Id.

In this case, Plaintiffs argue that class certification under either Rule 23(b)(2) or (b)(3) is appropriate. Rule 23(b)(2) requires that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). Rule 23(b)(3) requires "that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and

efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

On reviewing a motion for class certification, district courts may consider only the requirements of Rule 23; reviewing the merits of the underlying case is inappropriate. Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 177-78 (1974). Although district courts have considerable leeway in certifying class actions, discretion must only be exercised within the constraints of Rule 23. Gulf Oil Co. v. Bernard, 452 U.S. 89, 100 (1981); see also In re Am. Med. Sys., Inc., 75 F.3d 1069, 1079 (6th Cir. 1996).

District courts must conduct a "rigorous analysis" to determine whether the prerequisites of Rule 23 are met. Gen. Tel. Co. of Sw. v. Falcon, 457 U.S. 147, 161 (1982). Thus, "it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question." Am. Med., 75 F.3d at 1079 (quoting Falcon, 457 U.S. at 160).

The party seeking class certification bears the burden of establishing that it is proper. Am. Med., 75 F.3d at 1079. An adequate basis for each prerequisite must be alleged and supported by the facts. Weathers v. Peters Realty Corp., 499 F.2d 1197, 1200 (6th Cir. 1974). For purposes of ruling on a Rule 23 motion, the allegations in the complaint are accepted as true, and any doubts are resolved in favor of certification.

Cross v. Nat'l Trust Life Ins. Co., 553 F.2d 1026, 1029 (6th Cir. 1977).

**IV. Analysis**

   **Rule 23(a) Prerequisites**

   **A.   Numerosity**

The first requirement under 23(a) is that the purported class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1).  Numerosity is not judged by a strict numerical formula. Daffin v. Ford Motor Co., 458 F.3d 549, 552 (6th Cir. 2006).  However, "substantial numbers usually satisfy the numerosity requirement." Randleman v. Fidelity Nat. Title Ins. Co., 247 F.R.D. 528, 534 (N.D. Ohio 2008) (citing Am. Med., 75 F.3d at 1079).

Plaintiffs have satisfied the numerosity requirement. Shelby County has 6,610 employees, who are divided among its forty-three elected officials. (Lewis Aff. ¶ 3.) Although it is not clear exactly how many of those employees have been categorized as "unclassified," Defendant Jackson has identified twenty "unclassified" employees in his office alone. (Jackson's Resp. to Pls.' First Set of Interrogatories, Resp. 5.) Approximately 150 employees work in Jackson's office. (Id.) Therefore, it reasonably could be expected that at least 800 to 900 County employees are "unclassified." Plaintiffs have

satisfied their burden of establishing that that proposed class is so numerous that joinder of all members is impracticable.

**B.   Commonality**

The second requirement under 23(a) is that there exist "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). To satisfy this requirement "there need only be a single issue common to all members of the class." Amer. Med., 75 F.3d at 1080. That issue, however, must be "a common issue the resolution of which will advance the litigation." Sprague v. General Motors Corp., 133 F.3d 388, 397 (6th Cir. 1998). Plaintiffs identify three distinct "questions of law and fact common to the [proposed] class":

> (a) Whether the Shelby County Government and the Civil Service Merit Board's policies, practices and procedures for evaluating, changing or determining the classification status of county positions violates the Fourteenth Amendment of the United States Constitution?
> (b) Whether the Shelby County Government and the Civil Service Merit Board have intentionally or negligently allowed certain positions to be designated as "unclassified" when Defendants knew or should have known that said positions were in fact entitled to be "classified" thus depriving Plaintiffs and the putative class members of vested property right(s)?
> (c) Whether certain putative class members have suffered a loss of property right without due process within the applicable statute of limitations period because Defendants have intentionally or negligently misclassified them as "unclassified" and allowed elected officials, appointing authorities, and other county officials to terminate those certain putative class members at-will in violation of the Fourteenth Amendment of the United States Constitution?

9

(Pls.' Mot. 7-8.)

The first question is not common to the members of the proposed class. Plaintiffs argue that the commonality requirement is satisfied because all "unclassified" employees are subject to the same policies and procedures for classifying employees. "[A]t a sufficiently abstract level of generalization, almost any set of claims can be said to display commonality." Sprague, 133 F.3d at 397. The set of claims that Plaintiffs propose—those of all "unclassified" employees—are not sufficiently common to satisfy the commonality requirement for class certification.

The issues involved must be "common to the class as a whole" and "turn on questions of law applicable in the same manner to each member of the class." Am. Med., 75 F.3d at 1080 (quoting Falcon, 457 U.S. at 155). The question of constitutionality will not apply to each member of the class in the same manner. The proposed class consists of every "unclassified" County employee. The County currently employs 6,610 people. (Lewis Aff. ¶ 3.) County employees are divided among forty-three elected officials. (Id.) Each elected official's employees are further divided among numerous departments and divisions. (Id.) Employees in different divisions have different job descriptions and responsibilities. (Id.) Even the three named Plaintiffs, all of whom worked in

the same Division, had different job titles, duties, and responsibilities.

Under the Merit Act, a position must meet certain criteria to be deemed "unclassified." (Am. Compl. ¶ 24.) Factors considered in classifying a position include the duties of the position and the size of the department in which the position is located. (Id.) The claims of the employees in the proposed class will vary from position to position and from department to department. Even if some positions have been mischaracterized as "unclassified," other positions in the proposed class may have been correctly deemed "unclassified." Those "unclassified" employees cannot have a constitutional claim similar to the allegedly misclassified employees. Because determining the constitutionality of the County and Merit Board's practices and procedures for one employee would not necessarily establish constitutionality as it pertains to all other proposed class members, that question cannot satisfy the commonality requirement for certification. See Sprague, 133 F.3d at 398 (holding that the commonality requirement is not satisfied because "[p]roof that [the defendant] had contracted to confer vested benefits on one early retiree would not necessarily prove that [the defendant] had made such a contract with a different early retiree").

11

The second and third questions proposed by Plaintiffs also fail to satisfy the commonality requirement. Each of those questions, by its own terms, applies only to certain members of the proposed class and not to others. The second and third questions ask whether "certain positions" have been intentionally mislabeled and whether "certain putative class members" have suffered a loss of a constitutionally protected property right. The proposed class includes all "unclassified" County employees. The questions of whether "certain positions" have been affected or whether "certain class members" have suffered a loss do not apply to all "unclassified" employees. For purposes of class certification, a common question of law or fact must be common "to <u>all</u> <u>members</u> of the class." Amer. Med., 75 F.3d at 1080 (emphasis added). Plaintiffs have failed to meet their burden of establishing a question of law or fact common to all members of their proposed class.

**C. Typicality**

Rule 23(a)(3) provides that a plaintiff may sue on behalf of all members of the class only if "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "The premise of the typicality requirement is simply stated: as goes the claim of the named plaintiff, so go the claims of the class." Sprague, 133 F.3d at 399. Typicality is lacking here.

Plaintiffs' claims are not typical of all the County employees whom they purport to represent. Plaintiffs' proposed class includes all County employees whose positions the Merit Board has designated as "unclassified." It is undisputed that, under the Merit Act, "unclassified" positions are not entitled to the due process protections of the Fourteenth Amendment. The alleged injury is that some "unclassified" employees have been misclassified, thereby exposing them to deprivations of their due process rights. Although Plaintiffs allege that some of the current "unclassified" positions should correctly be deemed "classified" under the guidelines of the Merit Act, Plaintiffs do not argue, nor could they, that <u>all</u> "unclassified" positions have been misclassified. A classification system containing only one category would be meaningless. Plaintiffs concede that some County positions are correctly categorized as "unclassified."

The proposed class, however, contains all employees holding "unclassified" positions. Litigating and deciding the claims of the named Plaintiffs would not decide the claims of all the proposed class members. As discussed <u>supra</u>, the classification of a position depends on a number of factors that are unique to that position and its particular characteristics. Even if the named Plaintiffs were found to have been misclassified and to have possessed a constitutionally protected interest in their

13

positions that was violated when they were terminated, that determination would not be dispositive of the claims of all proposed class members. Some class members are correctly characterized as "unclassified" and have no property interest in their position. Other class members, even if misclassified, may not have suffered an adverse employment action that deprived them of their protected property interest in their positions. Such determinations would have to be made on a case-by-case basis and are not appropriate for class treatment.

Under Rule 23(a), both commonality and typicality are required elements for class certification. <u>Coleman</u>, 296 F.3d at 446. The party seeking certification bears the burden of establishing each element, and failure to satisfy any one requirement precludes certification. <u>Am. Med.</u>, 75 F.3d at 1079. Plaintiffs have failed to establish either commonality or typicality for their proposed class of plaintiffs.

## V. Conclusion

For the foregoing reasons, Plaintiffs' motion for class certification and appointment of class counsel is DENIED.

So ordered this 24th day of August, 2009.

                               s/ Samuel H. Mays, Jr.
                               SAMUEL H. MAYS, JR.
                               UNITED STATES DISTRICT JUDGE